# WELLS LAW P.C.
229 Warner Road
Lancaster, New York 14086
Tel.: (615) 364-5058
Email:  will@wellspc.com

---

February 1, 2023

The Hon. Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re:   *Christine D. Collins, a Professional Corporation v. MCA Receivables,* United States District Court for the Southern District of New York, Case No. 1:23-cv-00353

Dear Judge Torres:

This firm represents Defendants MCA Receivables d/b/a Ally Funding Group and Yisroel Getter ("Defendants") in the above-referenced action.

Defendants submit this letter motion to request that the Court immediately dissolve or modify the *ex parte* Temporary Restraining Order entered on January 17, 2023 (the "TRO")[1] because (i) the TRO was obtained on an *ex parte* basis through Plaintiffs' blatant forum shopping and material omissions and misrepresentation; (ii) the TRO alters the status quo (at least as construed by Plaintiffs); and (iii) Plaintiffs failed to meet the evidentiary standard necessary for preliminary injunctive relief.  To the extent the TRO is not dissolved or modified, Defendants oppose Plaintiffs' motion to compel the compliance of Bank of America, N.A. and J.P. Morgan Chase Bank, N.A. (together, the "Banks").  (Doc. No. 18).

**Factual and Procedural Background**

This case involves Plaintiffs' breach of a September 23, 2022, agreement for the Purchase and Sale of Future Receivables with MCA Receivables (the "Purchase Agreement").  When Plaintiffs breached the Purchase Agreement mere days after receiving the purchase price, MCA Receivables (a Connecticut company) served a prejudgment writ of attachment on the Banks pursuant to Connecticut's prejudgment remedy statute (the "Connecticut Writ").  Notwithstanding that Plaintiffs had expressly agreed to such a remedy in the Purchase Agreement, they moved to modify or dissolve the writ in the Connecticut action entitled *MCA Receivables, LLC v. Christine*

---

[1] By its terms, the TRO expires after 14 days.  *See* Fed. R. Civ. P. 65(b)(2) ("The order expires at the time after entry [] not to exceed 14 days…unless before that time the court, for good cause, extends it for a like period").

*D. Colins, a Professional Corporation, et al.*, Docket No. HHDCV226162897S, Superior Court for the Judicial District of Hartford (the "Connecticut Action"). At the time Plaintiffs obtained the TRO, this motion was scheduled to be heard on February 2, 2023 (Defendants' counsel has been advised that this date may since have been changed).

### The TRO Should Be Dissolved Because It Was Obtained on an *Ex Parte* Basis Through Plaintiffs' Blatant Forum Shopping and Material Omissions and Misrepresentation

Nevertheless – and without disclosing the earlier-filed Connecticut Action or the hearing then scheduled for February 2, 2023 – Plaintiffs obtained from this Court *ex parte* injunctive relief (*i.e.*, the TRO), which, in an order drafted by Plaintiffs, did not merely maintain the status quo, but rather attempted to direct the Banks to disregard the Connecticut Writ (*i.e.*, grant Plaintiffs the relief they were seeking in the Connecticut Action). Thus, Plaintiffs circumvented the Connecticut court and attempted to obtain the relief sought in the Connecticut Action from this Court on an *ex parte* basis without disclosing the Connecticut Action and the hearing then scheduled for February 2, 2023. Plaintiffs also made material misrepresentations, claiming, for instance, that "neither party has any real connection to Connecticut", (Doc. No. 5, Pl.'s Memo. of Law at p. 1), when, in fact, MCA Receivables is a Connecticut company, (Doc. No. 14, Getter Decl. ¶ 4). Respectfully, the Court should immediately dissolve the TRO that was obtained on an *ex parte* basis through Plaintiffs' blatant forum shopping and material omissions and misrepresentations.

Indeed, if this Court does not immediately dissolve the TRO, the Banks could be subject to competing directives from different courts: (i) the TRO issued by this Court, and (ii) the Connecticut Writ and the order on Plaintiffs' motion to modify or dissolve the Connecticut Writ. The Court was not able to consider this fact prior to issuing the TRO because Plaintiffs failed to disclose the Connecticut Action in obtaining *ex parte* injunctive relief.

### The TRO Should Be Dissolved or Modified Because (at Least as Construed by Plaintiffs) it Purports to Drastically Alter the Status Quo

The purpose of a temporary restraining order is to preserve the status quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction. *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009). Here, the TRO – at least as construed by the Plaintiffs – purports to drastically alter the status quo by allegedly directing the Banks to disregard the Connecticut Writ and release the funds in the accounts at issue prior to the preliminary injunction hearing in this case and prior to the hearing in the Connecticut Action. This drastic altering of the status quo could render the ultimate decision from this Court or the Connecticut Court moot. Even if it is determined that the Connecticut Writ was properly served, Plaintiffs could simply empty the accounts at issue in the interim, thereby mooting any decision on the Connecticut Writ. For this reason, Defendants respectfully request that the Court dissolve the TRO or, at a minimum, modify its terms simply to maintain the status quo pending the upcoming preliminary injunction hearing.

### The TRO Should Be Dissolved Because Plaintiffs' Failed to Meet the Evidentiary Standard Necessary for Preliminary Injunctive Relief

Finally, and as set forth more fully in Defendants' opposition to Plaintiffs' motion for a preliminary injunction, (*see* Doc. No. 13), Plaintiffs failed to proffer even the most basic facts necessary to establish a likelihood of success on the merits of their causes of action. A party seeking preliminary injunctive relief "must offer proof beyond the unverified allegations of the pleadings." *Stern v. Highland Lake Homeowners*, 2021 WL 1164718, at *5 (S.D.N.Y. Mar. 26, 2021). Here, the only "proof [offered by Plaintiffs] beyond the unverified allegations of the pleadings" was the Declaration of Christine Deane Collins (the "Collins Declaration"). The Collins Declaration, however, focuses on alleged irreparable harm; it provides no facts to support any of Plaintiffs' causes of action, much less to demonstrate a likelihood of success on those causes of action (instead, Plaintiffs relied on their unverified Complaint, which was almost entirely cut-and-pasted from a pleading filed in another case).[2] Respectfully, the TRO should be dissolved.

### Plaintiffs' Motion to Compel the Banks' Compliance With the TRO Should Be Denied

Plaintiffs claim that the TRO requires the Banks to "release all freezes, writs of attachment, levies, or any other account restraints" and to "immediately turn over or return said funds to Plaintiffs' accounts." That, however, is not what the TRO says; it only enjoins the Banks from enforcing "levies" issued by Defendants. "Levy" means "[t]o take or seize property in execution of a judgment." Black's Law Dictionary (11th ed. 2019). Defendants did not issue any "levies"; rather, they issued a prejudgment writ of attachment, which merely attached the funds in the accounts and caused the Banks to place a provisional hold on those funds. The TRO clearly applies only to "levies" because it directs the Banks to "return all money that has been withdrawn." That language describes a levy, not a prejudgment writ of attachment. Under the latter, no monies are "withdrawn" from the account; they are merely subject to a provisional hold. The Banks, therefore, are not required to take any action as to the Connecticut Writ other than to maintain the status quo.

### Conclusion

Pursuant to the foregoing, Defendants respectfully request that the court dissolve or modify the TRO and deny Plaintiffs' motion to compel the Banks' compliance with the TRO.

Respectfully Submitted,

/s Will Parsons

Will Parsons

---

[2] The pleading from which Plaintiffs cut-and-pasted is the Amended Complaint (Doc. No. 22) from *Haymount Urgent Care PC v. GoFund Advance, LLC*, Case No. 1:22-cv-01245-JSR (S.D.N.Y. 2022).